**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re )<br>  SALE, LLC )<br>  d/b/a AS GOOD AS IT GETS CAFÉ )<br>    Debtor )<br> )<br>   \_\_\_ ) | Chapter 11, Subchapter V<br>Case No.: 23-10545-CJP |

## DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE
### (EMERGENCY DETERMINATION REQUESTED)

NOW COMES the debtor, Sale, LLC (the "Debtor") and, pursuant to 11 U.S.C. § 1112(b) respectfully moves the Court to enter an order dismissing this Chapter 11 case.  In support of this Motion, the Debtor states the following:

**Procedural History and Background**

1. On April 10, 2023, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and elected to be proceed as a small business debtor pursuant to Subchapter V.

2. On July 10, 2023, the Debtor filed his Chapter 11 Plan of Reorganization (the "Plan")

3. The Debtor's Plan is a so called "bootstrap" plan under which its future revenues and profits are the sole source of payments to be made to creditors.   Under the Plan the Debtor proposes (i) to pay the Massachusetts department of Revenue's ("MDOR") secured and priority claims in full over a five-year period; (ii) to pay general unsecured creditors a pro-rata dividend of 10% over 5 years and (iii) to pay all administrative claims in full on the Effective Date of the Plan. The Plan also contemplates that the Debtor's current managing members will continue to manage the Debtor's day-to-day operations and retain their equity interest in the Debtor.

4. A hearing on confirmation of the Plan is scheduled for October 19, 2023.

5. On September 21, 2023, the MDOR filed an Administrative Expense Claim asserting an administrative tax claim in the amount of $41,836.32.

6. On October 6, 2023, MDOR filed an objection to confirmation of the Debtor's Plan citing the administrative expense claim, and the Debtor's seeming inability to make the payments required under the Plan.

7. According to the Debtor's September 2023 monthly operating report, as of September 30, 2023, the Debtor had only $11,408.16 in cash on hand.  The Plan contemplates payments on the effective date, inclusive of the MDOR's administrative claim, of more than $68,000.00.

8. Given the Debtor's current cash on hand, and its post-petition operations, it is extremely unlikely

the Debtor will have funds on hand needed to make pay the administrative claims within the reasonably foreseeable future.

**Cause for Dismissal of the Case:**

9.  1112(b) provides that the Court shall convert of dismiss this case for cause upon the request of a party in interest.  Although the term "cause" is not defined in § 1112(b) it does include a list of examples of "cause".  See 11 U.S.C. §1112(b)(4).  However, this list is not exclusive, and therefore a case may be converted or dismissed for other causes.  *In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir. 1990)(Court may have discretion in determining what additional circumstances constitute cause).

10. The Debtor does not argue that "cause" is based on any of the enumerated examples of cause found in § 1112(b).

11. Rather, the Debtor submits that it is unlikely to be able confirm any Chapter 11 Plan within the reasonably foreseeable future.   Given the amount of the MDOR's administrative claim, other administrative claims and the monthly payments required under the Plan to satisfy the MDOR's priority claim within five years of the petition date (not to mention payments to general unsecured creditors) the Debtor is currently unable meet its burden of demonstrating the feasibility of the current plan.

12. Although the Debtor has made many changes to its business, most notably closing its money losing Norwood and Acton restaurants, it has yet to realize the profits necessary to meet its obligations under the Plan.

13. The Debtor is hopeful that its remaining Wilmington location will continue to operate profitably enabling it to eventually make meaningful payments to its creditors while continuing to serve the public and pay its employees and other ongoing obligations, including Massachusetts meals taxes

**Dismissal is in the best interest of creditors:**

14. Pursuant to § 1112(b) of the Bankruptcy Code, upon request of a party in interest the Court may convert a Chapter 11 case to one under Chapter 7, or dismiss it, whichever is in the best interest of creditors.

15. Dismissal of this case is preferable to conversion because creditors would retain their rights to full payment of their claims from the Debtor and co-debtors.  Dismissal of this case would also enable the Debtor to negotiate a payment plan directly with the MDOR without the temporal limitations imposed by section 1129 of the Bankruptcy Code.

16. If the case is not dismissed, creditors will be prejudiced by being unable to enforce their debts

against the Debtor or to receive any distributions contemplated under the present Plan.

17. If this case is dismissed, creditors will retain all of their rights to full payment of their claims and may begin enforcing them immediately following dismissal.

18. Conversely, conversion of this case will not result in any distribution for unsecured creditors, administrative claim holders, or other parties in interest because the Debtor's minimal assets are all fully encumbered by the MDOR's tax liens.

19. Clearly, dismissal is in the best interest of creditors as they would stand to receive far less in a Chapter 7 liquidation than they would be entitled to receive following dismissal.

**Request for emergency determination**

20. Hearings are presently scheduled for October 19, 2023 to consider (i) confirmation of the Debtor's Plan of Reorganization and (ii) the Debtor's continued use of cash collateral.

21. The Debtor's request for dismissal is incompatible with confirmation of a plan and does not contemplate use of cash collateral.  If this case is dismissed, each of those matters will be moot.

22. As such, the Debtor requests that a hearing on this motion be conducted on October 19, 2023, in place of, or in addition to the confirmation and cash collateral hearings.

WHEREFORE the Debtor respectfully requests that the Court enter an order scheduling an emergency hearing on October 19, 2023, at 10:30 AM, dismissing this case and granting such further and additional relief as the Court deems appropriate.

Respectfully submitted,
Sale, LLC
By his attorney,

Dated:  October 17, 2023

*/s/ Marques C. Lipton*
Marques C. Lipton, BBO #676087
Lipton Law Group, LLC
945 Concord Street
Framingham, MA 01701
(508) 202-0681
marques@liptonlg.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

_____
In re                                                    )
   SALE, LLC                                         )
   d/b/a AS GOOD AS IT GETS CAFÉ       )
      Debtor                                     )          Chapter 11, Subchapter V
                                                          )          Case No.: 23-10545-CJP
_____ ___)

**<u>CERTIFICATE OF SERVICE</u>**

     I, Marques Lipton, hereby certify that I have this day served the following parties a true and correct copy of the Debtor's Motion to Voluntarily Dismiss Chapter 11 Case and Request for Expedited Consideration as follows:

**Via ECF**

Heather Sprague, Esq., Counsel to the United States Trustee
David Madoff, Esq., Subchapter V Trustee
Stephen G. Murphy, Esq., counsel to Massachusetts Dept. of Revenue
John S. Davasian, Esq., counsel to KVA NAGOG, LLC
Lawrence Wind, Esq., counsel to KVA NAGOG, LLC
Lorena Galvez, Esq., counsel to Leo Gray
Anthony Guiliano, Esq., counsel to Swift Funding Source, LLC and Forward Financing, LLC

**Via Email**
Stephen Murphy
Heather Sprague
David Madoff
Abdul Hmina

Dated: October 17, 2023                          _/s/ Marques C. Lipton_____
                                                                Marques C. Lipton